UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**ROBERT WAYNE CLARK**                                                                          **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 4:14CV-P83-JHM**

**JAMES BRANTLEY** *et al.*                                                      **DEFENDANTS**

### **MEMORANDUM OPINION AND ORDER**

Unrepresented by counsel, Plaintiff Robert Wayne Clark initiated this action challenging his convictions by filing a complaint on a 42 U.S.C. § 1983 form (DN 1). By Order entered August 26, 2014, the Court granted Plaintiff's application to proceed without prepayment of fees and directed him to pay the $350.00 filing fee in installments (DN 5).

Thereafter, Plaintiff filed a letter indicating that he would like this action "to be cancelled or dismissed and the Lien to be took off of me and refund what they have already took" (DN 6). He further advised, "I don't know how to do any of the paper work and I don't understand any of it and I can't get any legal aides to help me with it." By Order entered November 24, 2014, the Court construed Plaintiff's letter as a motion for voluntary dismissal and directed Plaintiff, within 30 days, to clarify in writing whether he wants to voluntarily dismiss the complaint (DN 8). The Court also denied Plaintiff's request for refund of the filing fee at that time.

In his response to the Court's Order, Plaintiff advises, "You sent me a letter saying that it wasn't certain if I was filing a 1983 civil suit or a 2254 for writ of Habeas corpus. It was always intended to be the 2254 writ of Habeas corpus, but I was charged the filing fee for the 1983 civil

suit."[1]  He continues, "I don't know who made the mistake and if it was me, then I'm sorry, but I don't know much about this actions, but I was always intending to file the 2254 . . . . I'm sorry for the misunderstanding.  I want to and Always wanted to file the 2254."

Under Rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  No answer or motion for summary judgment has been filed by Defendants.

Upon consideration, the Court concludes that Plaintiff's response clarifies that he had no intent to file a § 1983 action.

**IT IS THEREFORE ORDERED** that the motion for voluntary dismissal (DN 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the August 26, 2014, Order granting Plaintiff's application to proceed without prepayment of fees and directing him to pay the $350.00 filing fee in installments (DN 5) is **VACATED**.  **The Clerk of Court is DIRECTED to refund** to Plaintiff any monies he paid toward payment of the $350.00 filing fee in this case.

**The Eastern Kentucky Correctional Complex shall cease collections from Plaintiff's inmate trust account for payment of the filing fee in this action.**

---

[1] The Court explains that in *Clark v. Brantley et al.*, Civil Action No. 4:14CV-P78-JHM, the Court reviewed Plaintiff's complaint and could not determine whether he intended to file a § 1983 civil rights complaint or a 28 U.S.C. § 2254 petition for writ of habeas corpus.  Therefore, the Court entered an Order directing Plaintiff to re-file his action on the appropriate form within 30 days.  The Court directed the Clerk of Court to send Plaintiff both a § 1983 complaint form and a § 2254 petition form.  Plaintiff filed a complaint on August 20, 2014, on a § 1983 complaint form, but because Plaintiff did not include case number 4:14CV-P78-JHM on the form, the Clerk open the § 1983 complaint as a new action, the instant action.  Because Plaintiff's action was proceeding under the instant action number, the Court administratively closed Civil Case No. 4:14CV-P78-JHM by Order entered October 30, 2014.

Due to the differences in the nature of § 1983 and § 2254 actions, the Court will not construe the instant action as a § 2254 habeas corpus action. Rather, a separate habeas action must be filed. **The Clerk of Court is DIRECTED to send** Plaintiff a § 2254 packet for his use should he wish to file a separate habeas action following exhaustion of available state-court remedies.

Date: December 24, 2014

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Finance
    EKCC, ATTN: Inmate Accounts (#189758), 200 Road to Justice, West Liberty, KY 41472
4414.005